UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Tarence La'Dal Johnson | ) | CASE NO: 18-06187-jw |
| Cheryl Huapala Johnson | ) | |
| 833 Spyderco Road | ) | CHAPTER 13 |
| Conway. SC 29527 | ) | |
| SSN xxx-xx-5185 | ) | |
| SSN xxx-xx-1483 | ) | |
| DEBTORS. | ) | |
| | ) | |

## NOTICE OF OPPORTUNITY TO OBJECT

The debtor(s) in the above captioned case filed a chapter 13 plan on December 6, 2018. The plan is included with this notice or was mailed separately.

**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

 If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

/s/ Elizabeth R. Heilig
Robert R. Meredith, Jr., D.C. ID #6152
Elizabeth R. Heilig, D.C. ID #10704
Meredith Law Firm, LLC
Attorneys for Debtors
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300

| Fill in this information to identify your case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Tarence La'Dal Johnson** | | | ☐ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | **Cheryl Huapala Johnson** | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | | **DISTRICT OF SOUTH CAROLINA** | | ☐ Pre-confirmation modification |
| | | | | ☐ Post-confirmation modification |
| Case number: | | | | |
| (If known) | | | | |

## District of South Carolina
## Chapter 13 Plan

12/17

### Part 1:   Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

**To Creditors:**   Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1**   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$1,300.00** per **Month** for **57** months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   Regular payments to the trustee will be made from future income in the following manner:

☐ The debtor will make payments pursuant to a payroll deduction order.
☑ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

| Debtor | **Tarence La'Dal Johnson**<br>**Cheryl Huapala Johnson** | Case number | |
|---|---|---|---|

### 2.3 Income tax refunds.

☑ The debtor will retain any income tax refunds received during the plan term.
☐ The debtor will treat income refunds as follows:

### 2.4 Additional payments.

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

---

**Part 3:** **Treatment of Secured Claims**

---

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

### 3.1 Maintenance of payments and cure or waiver of default, if any.

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☐ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

☑ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| St. John's Ridge Owners Association, Inc | House and lot located at 833 Spydeco Road, Conway, SC 29527 | **$1,270.00**<br>Includes amounts accrued through December 2018 | **0.00%** | **$23.00**<br>(or more) |

☑ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

### 3.2 Request for valuation of security and modification of undersecured claims.

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

District of South Carolina

| Debtor | **Tarence La'Dal Johnson** | Case number |
|---|---|---|
| | **Cheryl Huapala Johnson** | |

[✓]      The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

     The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

     Unless 11 U.S.C. § 1325(a)(5)(A) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| **Republic Finance** | **$6,414.00** | **1996 Ford F150** | **$3,375.00** | **$0.00** | **$3,375.00** | **6.00%** | **$69.00** (or more) |
| **United Consume r Financial Services** | **$1,595.92** | **Kirby Cleaning System** | **$250.00** | **$0.00** | **$250.00** | **6.00%** | **$8.00** (or more) |

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

[ ]      **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

[✓]      The claims listed below are being paid in full without valuation or lien avoidance.

     These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **Rivertown Credit** | **2010 Ford Edge** | **$7,326.00** | **6.00%** | **$149.00** (or more) Disbursed by: [✓] Trustee [ ] Debtor |
| **WS Badcock Corporation** | **Furniture** | **$376.29** | **6.00%** | **$8.00** (or more) Disbursed by: [✓] Trustee [ ] Debtor |

| Debtor | **Tarence La'Dal Johnson** | Case number |
| | **Cheryl Huapala Johnson** | |

**3.4**  **Lien avoidance.**

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Regional Finance<br><br>Household Items | $1,482.00 | $0.00 | $500.00<br>SC Code Section<br>15-41-30<br>(A)(3) | $500.00 | $0.00 | $1,482.00 |

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Sunset Finance Co., LLC<br><br>Household Items | $900.00 | $0.00 | $500.00<br>SC Code Section<br>15-41-30<br>(A)(3) | $500.00 | $0.00 | $900.00 |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

**3.5**  **Surrender of collateral.**

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:**  **Treatment of Fees and Priority Claims**

**4.1**  **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**  **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

District of South Carolina

| Debtor | **Tarence La'Dal Johnson** | Case number | |
| | **Cheryl Huapala Johnson** | | |

**4.3    Attorney's fees.**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $**N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $**N/A** or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

    ☐    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

    ☐    **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

        a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

        b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

        c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

    ☑  **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

    ☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

    ☑    The debtor estimates payments of less than 100% of claims.
    ☐    The debtor proposes payment of 100% of claims.
    ☐    The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

    ☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Other separately classified nonpriority unsecured claims.**

    ☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

| Debtor | **Tarence La'Dal Johnson** | Case number |
| | **Cheryl Huapala Johnson** | |

---

**Part 6:**   **Executory Contracts and Unexpired Leases**

**6.1**   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

   ☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

---

**Part 7:**   **Vesting of Property of the Estate**

**7.1**   **Property of the estate will vest in the debtor as stated below:**

☑   Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐   **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

---

**Part 8:**   **Nonstandard Plan Provisions**

**8.1**   **Check "None" or List Nonstandard Plan Provisions**
   ☐   **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*
*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):**
**Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:**

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| Anderson Brothers Bank | House and lot loacted at 833 Spyderco Road, Conway, SC 29527 TMS#1222301049 | $727.00 Escrow for taxes: ☒ Yes ☐ No Escrow for insurance: ☒ Yes ☐ No | $26.00 Or more | $3,645.00 | $64.00 Or more |

**\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.**

**\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.**

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-Petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1 filed with the Court will be paid by the Trustee, on a pro rata basis, as funds are available.**

Debtor      **Tarence La'Dal Johnson**                              Case number
            **Cheryl Huapala Johnson**

Once the Trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the Debtor shall be responsible for ongoing mortgage payments and any further post-petition fees and charges.

**8.1(b)  Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.  In Operating Order 18-4, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan.  Therefore, all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.**

**8.1(c)The debtor reserves the right to seek loss mitigation or modification of the mortgage loan using the Loss Mitigation/Mortgage Modification Portal procedures described in Chambers Guidelines during the bankruptcy case, which may be effective upon subsequent approval by order of the Court.**

**8.1(d) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim.  The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.**

**8.1(e) Confirmation of this plan may determine the character (secured, unsecured, or priority), amount, and timing of distribution of a creditor's claim regardless of the proof of claim filed.  If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**

**8.1(f) DEBTOR CERTIFICATION**
**In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:**
**(1)  The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;**
**(2)  The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and**
**(3)  That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.**

| Part 9: | Signatures: |

**9.1     Signatures of debtor and debtor attorney**

X _____                          X _____
**Tarence La'Dal Johnson**                              **Cheryl Huapala Johnson**
Signature of Debtor 1                                   Signature of Debtor 2

Executed on _____5 Dec 2018_____                        Executed on __12 05 2018__

X _____                          Date __12/5/18__
  **Robert R. Meredith, Jr., D.C. ID#06152**
  **Elizabeth R. Heilig, D.C. ID#10704**
  **Meredith Law Firm, LLC**
  **2411 North Oak Street, Suite 107**
  **Myrtle Beach, SC 29577**
  **843-445-6300 (p)**
  **843-445-6304 (f)**
  Signature of Attorney for debtor  DCID#

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:                                    )
                                          )
Tarence La'Dal Johnson                    )        CASE NO: 18-06187-jw
Cheryl Huapala Johnson                    )
833 Spyderco Road                         )        CHAPTER 13
Conway. SC 29527                          )
SSN xxx-xx-5185                           )
SSN xxx-xx-1483                           )
                        DEBTORS.          )
_____   )

### CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 12·6·18

Kristi Keen, Paralegal to
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtors
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300

Label Matrix for local noticing
0420-2
Case 18-06187-jw
District of South Carolina
Charleston
Thu Dec  6 12:20:15 EST 2018

Aaron Fine Jewelry
8668 Spring Mountain Rd
Las Vegas NV 89117-4132

Account Resolution Services
Attn: Bankruptcy
Po Box 459079
Sunrise FL 33345-9079

Anderson Brothers Bank
PO Box 310
Mullins SC 29574-0310

Ashro    .
3650 Milwaukee Street
Madison WI 53714-2304

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

Conway Medical Center
PO Box 829
Conway SC 29528-0829

Credit Collection Bureau
495 E Rincon St Ste 209
Corona CA 92879-1379

ERC
PO Box 57610
Jacksonville FL 32241-7610

First Premier Bank
PO Box 5524
Sioux Falls SD 57117-5524

(p)FRONTIER COMMUNICATIONS
BANKRUPTCY DEPT
19 JOHN STREET
MIDDLETOWN NY 10940-4918

Grand Canyon University
Attn: Bankruptcy
Po Box 11097
Phoenix AZ 85061-1097

Great Lakes
Po Box 7860
Madison WI 53707-7860

Elizabeth R Heilig
Meredith Law Firm, LLC
2411 N. Oak Street
Suite 107
Myrtle Beach, SC 29577-3165

Horry County Treasurer
PO Box 1828
Conway SC 29528-1828

Horry Telephone Cooperative
PO Box 1820
Conway SC 29528-1820

IC Systems
PO Box 64378
Saint Paul MN 55164-0378

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Cheryl Huapala Johnson
833 Spyderco Road
Conway, SC 29527-2900

Tarence La'Dal Johnson
833 Spyderco Road
Conway, SC 29527-2900

McLeod Health
3655 Mitchell Street
Loris SC 29569-2827

Merchants Adjustment Service, Inc.
PO Box 7511
Mobile AL 36670-0511

Merrick Bank
Po Box 9201
Old Bethpage NY 11804-9001

Perfection Collection
Attn: Bankruptcy Department
313 E 1200 S, Suite 102
Orem UT 84058-6910

RMC Financial Services
6432 Two Notch Road
Columbia SC 29223-7451

Regional Finance
1610 Church Street, Suite D
Conway SC 29526-2960

(p)REPUBLIC FINANCE LLC
282 TOWER RD
PONCHATOULA LA 70454-8318

Rivertown Credit
3201 US 701
Conway SC 29526-5734

Santee Cooper Credit Union
612 Rembert C Dennis Blvd.
Moncks Corner SC 29461-3104

South Carolina Department of Revenue
PO Box 12265
Columbia SC 29211-2265

St. James Partners LLC
c/o Moore, Johnson & Saraniti Law Firm
PO Box 14737
Surfside Beach SC 29587-4737

Sunset Finance Co., LLC
510 Mountain View Drive
Ste 500
Seneca SC 29672-2145

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

United Consumer Financial Services
865 Bassett Rd
Westlake OH 44145-1194

(p)W S BADCOCK CORPORATION
POST OFFICE BOX 724
MULBERRY FL 33860-0724

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465-0997

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Caine & Weiner
Attn: Bankruptcy
Po Box 5010
Woodland Hills CA 91365

Frontier Communications
Bankrupcty Department
19 John Street
Middletown NY 10940-4918

Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud MN 56302-7999

Republic Finance
2696 Beaver Run Road
Suite C
Myrtle Beach SC 29575

WS Badcock Corporation
PO Box 232
Mulberry FL 33860

End of Label Matrix
Mailable recipients    36
Bypassed recipients     0
Total                  36